# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. JACKSON,<br><br>　　　　　Plaintiff,<br>v.<br><br>J. WOODFORD, et al.,<br><br>　　　　　Defendants. | Civil No. 05cv513 L (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DEPOSITIONS BY WRITTEN QUESTIONS**<br><br>[Doc. No. 91]<br>[Doc. No. 93]<br>[Doc. No. 95] |

Plaintiff Arthur Dwayne Jackson, proceeding *in forma pauperis*, filed three motions to compel depositions by written questions. He seeks to compel the depositions of (1) non-parties Cook and Dexter (Doc. No. 91); (2) defendants J.P. Gonzalez, Sanders, Garcia, Gomez, Zaragosa and G. H. Gonzalez (Defendants) (Doc. No. 93); and (3) non-parties Long, Shipman and Pothier (Doc. No. 95). After reviewing the parties' arguments and objections, the Court **DENIES** all three motions to compel.

**Relevant Facts.**

On April 11, 2007, the Court granted Plaintiff's request for subpoena forms and ordered that the Clerk of Court send subpoena forms and U.S. Marshal Form 285 to Plaintiff. The Clerk did not sign the subpoenas as the issuing officer. Plaintiff signed the subpoena forms as the issuing officer. Then, on May 31,[1] Plaintiff himself served the subpoenas, accompanied by deposition questions, on Cook and

---

[1] In paragraph 1 of Doc. No. 91, Plaintiff says he served the subpoenas on Cook and Dexter on March 31, 2007. In the proofs of service, Plaintiff says he served Cook on May 20, 2007 and Dexter on April 20, 2007. In its objections to the subpoenas, the Office of Legal Affairs said the two non-parties were served on May 31, 2007. Mot. to Compel, Ex. 1. Given the inconsistency in the dates Plaintiff

Dexter. Plaintiff also served subpoenas and deposition questions on Long, Shipman and Pothier.

The California Department of Corrections and Rehabilitation (CDCR), on behalf of two of its employees–Cook and Dexter–sent a letter to Plaintiff objecting to the subpoenas. Cook and Dexter object because (1) the subpoenas are invalid because neither the clerk of court nor an attorney licensed to practice in this district issued the subpoenas; and (2) the subpoenas were invalidly served because they were not served by an adult 18 years or older who is not a party to this action.

Long, Shipman and Pothier never responded to the subpoenas.

Plaintiff also served on Defendants notice of depositions by written questions. Defendants have not responded to the notice.

**Validity of Subpoenas.**

Rule 45(a)(3) says that "[t]he clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service." Once issued, and the party provides the necessary information, officers of the court will serve the subpoena for the *in forma pauperis* litigant:

> (c) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

28 U.S.C. § 1915(c).

Here, the clerk sent the subpoena forms to Plaintiff, but did not sign and issue the subpoenas. The subpoenas, therefore, were never properly issued. Second, Plaintiff served the subpoenas himself, which, according to Federal Rule of Civil Procedure 45(b)(1),[2] makes the service invalid.

While Plaintiff did not use court-issued subpoenas, using court-issued subpoenas–even if served by the U.S. Marshal–would not have remedied the defects in the subpoenas. As explained below, the subpoenas were invalid for several other reasons.

**Rule 31.**

Plaintiff seeks to take depositions by written questions. Rule 31(b), however, requires that Plaintiff designate a deposition officer to transcribe the witness's testimony:

---

provides, the Court will assume as true Cook's and Dexter's representation of the date of service.

[2] Future references to "Rule" will be to the Federal Rules of Civil Procedure.

> A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the **officer designated in the notice, who shall** proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to **take the testimony of the witness in response to the questions** and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer. [Emphasis added.]

In depositions by written questions, the deposition officer reads the questions, takes down the answers and prepares the transcript as for an oral deposition. Schwarzer, et al., Fed. Civ. Proc. Before Trial, § 11:1615.

In the subpoenas, Plaintiff, relying on Rule 29, says the deposition can be taken "at any place" on May 4, 2007. First, while Rule 29 allows the parties to agree to take a deposition "at any place," the parties–by stipulation–must identify a place for the deposition. Second, Plaintiff must designate a deposition officer and notify the deponent of the time, place and manner of taking the deposition. In the subpoenas here, Plaintiff never identified a place, and the parties never stipulated to a place, to take any depositions. In the notice of depositions to the Defendants, Plaintiff sent Defendants' counsel a proposed stipulation regarding the time, place and manner of taking the depositions, but Defendants never agreed. *See* Doc. No. 93-2, Exs. 7, 10. Finally, Plaintiff never designated a deposition officer for any of the proposed depositions.

Plaintiff did not serve valid subpoenas and deposition notices because he did not identify the time, place and manner of the depositions or designate a deposition officer to transcribe the responses.

**Payment of Fees.**

Rule 45(b)(1) says that at the time of service of a subpoena requiring a witness's attendance, the server shall also tender fees for one day's attendance and mileage allowed by law at the time of service. Proceeding with *in forma pauperis* status "does not permit a waiver of the witness fees to be tendered with the subpoena." *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). "Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses." *Id.*

Here, Plaintiff did not tender any witness fees with service of the subpoena. Nor did Plaintiff designate a deposition officer to administer the oath, take down the testimony and prepare a transcript. As the Court explained in its April 19 Order denying Plaintiff's motion to appoint a shorthand reporter

(Doc. No. 71), 28 U.S.C. section 1915 does not require the Court to finance a civil action or appeal. *Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (28 U.S.C. § 1915 does not waive payment of fees or expenses for witnesses); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir.1989) (per curiam). Plaintiff had the responsibility to procure and pay for the services of a deposition officer.

**Conclusion.**

While the Court acknowledges that Plaintiff did not receive properly issued subpoenas, it finds that the subpoenas were otherwise invalid because they did not include the necessary time, place and manner information for the depositions or designate a deposition officer. The Court also finds that the subpoenas were improperly served because Plaintiff served them himself and did not tender the requisite witness fees.

The Court also finds that Plaintiff did not serve a proper notice of depositions to Defendants because Plaintiff did not identify the time, place and manner of the depositions, nor did he designate a deposition officer.

The Court, therefore, **DENIES** Plaintiff's motions to compel. If, however, Plaintiff seeks to properly conduct the depositions by written questions, he may file a motion–*no later than **August 10, 2007**–*asking the Court to (1) issue to Plaintiff five subpoenas for the five non-parties that Plaintiff tried to serve; (2) send Plaintiff five U.S. Marshal Forms 285; and (3) direct the U.S. Marshal to serve the subpoenas. The Court will order the U.S. Marshal to serve the subpoenas *only if* Plaintiff designates a deposition officer qualified under Rule 28, identifies the time, place and manner for the depositions, and tenders the witness fees.

**IT IS SO ORDERED.**

DATED: July 11, 2007

Hon. Nita L. Stormes
U.S. Magistrate Judge