# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. JACKSON, | Civil No. 05cv513 L (NLS) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF SUPPLEMENTAL RESPONSES TO DISCOVERY REQUESTS** |
| v. | |
| J. WOODFORD, et al., | |
| Defendants. | [Doc. No. 98] |

Plaintiff Arthur Dwayne Jackson filed a motion to compel defendants J.P. Gonzalez, Sanders, Garcia, Gomez, Zaragosa and G. H. Gonzalez (Defendants) to disclose responses to certain requests for production and interrogatories. He argues that requests nos. 1, 2, 4, 5, 6, 8 in his Third Request for Production of Documents (RFP) and interrogatory nos. 2, 2 [sic], 3 in his Third Set of Interrogatories (ROG) are relevant to show that Defendants knew that their actions violated his right of access to the court. Defendants oppose all the requests except for RFP no. 8.[1]

Plaintiff declares he has made every reasonable effort to secure the discovery of the information and documents. Mot. to Compel ¶ 7. Having considered both parties' arguments, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel.

**Defendants' General Objection.**

Defendants generally object to the motion to compel on the grounds that the RFPs Plaintiff lists in his moving papers differ from the RFPs as they were written in his Third Request for Production of

---

[1] Defendants agree to produce the G.H. Gonzalez and J.P. Gonzalez verifications.

Documents. The Court sustains Defendants' objection and in deciding this motion, relies on the RFPs as they were originally written.

**Plaintiff's Access to Courts Claim.**

Plaintiff asserts these relevant facts in the First Amended Complaint (FAC). On February 18, 2004, while housed at Centinela State Prison, Defendants confiscated Plaintiff's legal mail. FAC ¶ 18(i). Garcia, Sanders and J.P. Gonzalez granted Gomez permission to place Plaintiff's legal mail in Zaragosa's custody. FAC ¶ 18(ii). Plaintiff did not learn he had received legal mail until February 27, 2004. FAC ¶ 18(iii). On March 2, 2004, Plaintiff was taken to the receiving and release unit to receive his legal mail. FAC ¶ 19(ii). G.H. Gonzalez ordered Plaintiff to shave his beard as a condition of receiving his legal mail. FAC ¶ 19(iii). Plaintiff refused. FAC ¶ 19(iii). G.H. Gonzalez's supervisor, Zaragosa, also did not issue Plaintiff his legal mail based upon Plaintiff's refusal to shave his beard. FAC ¶ 19(iv-v). Plaintiff then contacted Correctional Captain Dexter, who ordered Zaragosa to issue Plaintiff his legal mail. FAC ¶ 19(vi). Plaintiff received one of the two boxes containing his complete habeas corpus file addressed to him from his attorney. FAC ¶ 19(ix). Upon opening that first box, Plaintiff saw that it had been opened and was disorganized and missing documents. FAC ¶ 19(x). Plaintiff did not receive his second box of legal mail. FAC ¶ 19(xi). Plaintiff asserts these facts, among others, to support his claim that Defendants denied him of his constitutional right to access the court.

**DISCUSSION**

**Relevant Rules.**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Fed. R. Civ. P. 26(b)(1). A party may serve a request on another party to inspect and copy documents that meet the relevance standard and that are "in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a). An officer or agent must respond to interrogatories in full, unless they object with specificity. Fed.R.Civ.P. 33(b).

**Official Information Privilege.**

- **RFP No. 1**

RFP no. 1, directed to Gomez, Garcia, Sanders and J.P. Gonzalez, asks for all in/out service training participation sheets, approved lesson plans and test scores regarding departmental mail

procedures and Centinela's inmate mail from January 2003 to April 2004.  Defendants object to the request on the grounds it is overbroad, unduly burdensome, seeks irrelevant material and/or material not calculated to lead to discovery of admissible evidence, is subject to the official information privilege, is confidential and may violate privacy rights.  Plaintiff argues the request is relevant to show that Defendants knew their actions violated his right of access to the courts.  Mtn. to Compel ¶ 6.  Defendants argue that their training or lack of training does not relate to Plaintiff's claim that they knowingly withheld his legal mail.  Opp'n p.4, ll. 8-11.

The Court finds that how well Defendants were trained in departmental mail procedures *is* relevant to whether they *knowingly* withheld his legal mail, and that the request as originally written is not overbroad or unduly burdensome.

Further, the Court overrules Defendants' objection based on the official information privilege.  The official information privilege, recognized by federal common law, is a qualified privilege that "must be formally asserted and delineated in order to be raised properly."  *Kerr v. U.S. Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).  The head of the department in charge of the matter must review the allegedly-privileged documents himself, form his own opinion that they should not be produced on public interest grounds, and specifically state why the matters are privileged.  *Id.* (citations omitted).  The responsible official must make a "substantial threshold showing" of the privilege, by way of a declaration that includes:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

*Zackery v. Stockton Police Dep't*, 2007 U.S. Dist. LEXIS 44144, *9 (E.D. Cal. 2007) (citations omitted).  If the privilege-invoking party meets this threshold burden, then the Court analyses several factors to decide whether the documents should be disclosed.  *Id.*; *see Hampton v. City of San Diego*, 147 F.R.D. 227, 229-230 (S.D. Cal. 1993); *see also Gonzalez v. City of Calexico*, 2006 U.S. Dist. LEXIS 93144, *11-*12 (S.D. Cal. 2006).

1      Defendants have not offered any declaration from an agency official in an effort to meet this
2 burden, nor have tried to identify any privileged documents in a privilege log. The Court, therefore,
3 finds that Defendants have waived the official information privilege and grants Plaintiff's motion with
4 respect to RFP no. 1.

**Relevance and Scope.**

- **RFP No. 2**

RFP 2, directed to Gomez, Garcia, Sanders and J.P. Gonzalez, asks for all "Memorandum of Understanding" (MOU) that these Defendants received regarding departmental mail procedures and Centinela's inmate mail. Defendants object, stating the request is overbroad, unduly burdensome, seeks irrelevant material and/or material not calculated to lead to discovery of admissible evidence, and that they do not understand what Plaintiff means by MOU. Plaintiff argues the request is relevant to show that Defendants knew their actions violated his right of access to the courts. Mtn. to Compel ¶ 6.

The Court disagrees with Defendants that this request is overbroad; Plaintiff specifically requests a MOU. Because Defendants have already produced two memoranda governing the confidential legal mail procedures and the delivery standards of inmate mail, they must now produce any MOU that any of these Defendants has received between January 2003 and February 2004 regarding Departmental Mail Procedures and Centinela's "OP (3)032 Inmate Mail." The Court grants the motion for this request.

- **RFP No. 6**

Plaintiff directs RFP 6 to G.H. Gonzalez, asking for a copy of the inmate grooming policy that she cited as the reason for denying Plaintiff access to his legal mail on March 2, 2004. Defendants reply that the request seeks irrelevant material and/or material not calculated to lead to discovery of admissible evidence and that Defendants had in fact provided Plaintiff with his legal mail on March 4, 2004. Plaintiff argues the request is relevant to his access to courts claim. Mtn. to Compel ¶ 6.

Plaintiff alleges that defendant G.H. Gonzalez initially denied him access based on his refusal to shave his beard (FAC ¶ 19(iii)). While Plaintiff eventually accessed at least part of his legal mail on March 4, 2004, he alleges he did not receive his entire legal file (FAC ¶ 19(xi)). The Court finds that RFP no. 6 is relevant to Plaintiff's claim that Defendants denied him access to the court and grants the motion to compel with respect to the request.

- **RFP Nos. 4 and 5 and Nos. 2 and 2 [sic]**

RFP no. 4, directed to Garcia, Sanders and J.P. Gonzalez, requests any records from January 2003 to April 2004–redacted for privacy and privilege concerns–showing that Defendants had authorized the confiscation of an inmate's legal mail before delivery of the mail to the inmate. RFP no. 5, directed to Gomez, asks for any redacted record showing that Gomez requested such a confiscation during the same time period. Interrogatory no. 2 seeks to know the number of requests Gomez made to his superiors between January 2003 and April 2004 to place an inmate's legal mail in the receiving and release unit before delivery of that legal mail to the inmate, and to whom the request was directed. Interrogatory no. 2 [sic] seeks to know how may requests J.P. Gonzalez, Sanders and Garcia have approved to place an inmate's legal mail in the receiving and release unit before that mail was delivered to an inmate, as well as the identity of the person making the request, the date the request was made and the date the request was approved.

Defendants object to all these requests on the bases that they are overbroad, unduly burdensome, seek irrelevant material and/or material not calculated to lead to discovery of admissible evidence, and that they could encompass information protected by privacy rights. For the interrogatories, Defendants also object that they could jeopardize institutional security. Plaintiff argues the request is relevant to show that Defendants knew their actions violated his right of access to the courts. Mtn. to Compel ¶ 6.

The Court finds that all these requests are overbroad and not relevant to Plaintiff's claim that Defendants deprived him of his right to access the court in February-March 2004. First, the RFPs and ROG no. 2 seek records pertaining to *any* inmate during a sixteen-month period. ROG no. 3 is not limited to any time period. Second, if such records exists, they would not necessarily be relevant to Plaintiff's claim because Plaintiff would not know what kind of legal mail was confiscated or for what reason. Therefore, the Court denies the motion with respect to these requests.

- **ROG No. 3**

ROG 3, directed to Gomez, asks him to identify the in/out service training he received regarding Centinela's inmate mail, what the training consisted of, when it happened and who instructed it, from the time Gomez began training to obtain the position of Mailroom Sergeant until April 1, 2004. Defendants object, saying the interrogatory is overbroad, unduly burdensome and seeks irrelevant

1  material and/or material not calculated to lead to discovery of admissible evidence.  Plaintiff argues the
2  request is relevant to show that Defendants knew their actions violated his right of access to the courts.
3  Mtn. to Compel ¶ 6.
4      The Court finds that how well Gomez was trained in departmental mail procedures *is* relevant to
5  whether he *knowingly* withheld his legal mail, and that the request as originally written is not overbroad
6  or unduly burdensome.  The Court, therefore, grants Plaintiff's motion with respect to ROG no. 3.

## CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel, and **ORDERS**:

1. The motion to compel responses to RFP nos. 4 and 5 and ROG nos. 2 and 2 [sic] is **DENIED**.
2. If they have not already done so, Defendants must produce the verifications in response to RFP no. 8 by *August 14, 2007*.
3. The motion to compel responses to RFP nos. 1, 2 and 6 is **GRANTED.**  Defendants must conduct a reasonable search to determine whether they have any responsive documents in their possession, custody, or control, and if they do, must produce those documents by *August 14, 2007*.  If no such documents exist, they must provide Plaintiff with a declaration so stating by that same date.
4. The motion to compel a response to ROG 3 is **GRANTED.**  Defendant Gomez must respond to ROG 3 by *August 14, 2007*.
4. If Plaintiff wishes to file a brief supplemental to his cross-motion for summary judgment based on any new discovery he receives, he must do so by *August 31, 2007*.
5. If Plaintiff files an supplemental brief and Defendants wish to file an opposition to it, they must do so by *September 7, 2007*.

**IT IS SO ORDERED.**

DATED:  August 3, 2007

_/s/ Nita L. Stormes_
Hon. Nita L. Stormes
U.S. Magistrate Judge