UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DUANE JACKSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>J. WOODFORD, Director CDC, *et al.*,<br><br>　　　　　Defendants. | Civil No. 05cv0513-L(NLS)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DEPOSITIONS BY WRITTEN QUESTIONS** |

　　　Plaintiff, proceeding *pro se* in this prisoner civil rights action, filed an objection pursuant to Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's July 11, 2007 Order Denying Plaintiff's Motions to Compel Depositions by Written Questions ("Order"). Defendants filed a response. For the reasons which follow, Plaintiff's objections are **OVERRULED**.

　　　District court review of magistrate judge orders on non-dispositive motions is limited. Discovery motions, such as the motions at issue here, are considered non-dispositive. See 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a).

　　　Plaintiff sought to depose several third-party witnesses and Defendants by written questions. None of the deponents complied with Plaintiff's deposition notices. Plaintiff moved

to compel depositions.  His motions to compel were denied because the subpoenas to the third-party witnesses were not properly served pursuant to Federal Rule of Civil Procedure 45(b)(1).  In addition, Plaintiff did not tender witness fees and mileage when the subpoenas were served, as required by Rule 45(b)(1).  Last, the deposition notices did not comply with Rule 31, which required Plaintiff to designate a deposition officer and notify the deponent of the agreed-upon time, place and manner of deposition.

Plaintiff objects to the Order because he is indigent, and therefore cannot pay for witness fees, mileage and a deposition officer.  "Expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . .."  *United States v. MacCollom*, 426 U.S. 317, 321 (1976).  Pursuant to 28 U.S.C. § 1915(a), Plaintiff's *in forma pauperis* status entitles him to a waiver of the filing fee and free service of process by United States Marshals, however, it does not entitle him to waiver of witness fees, mileage or deposition officer fees.  *See* 28 U.S.C. § 1915(a); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).[1]

Even if Plaintiff had paid the witness fees, mileage and a deposition officer, his deposition notices were defective because they did not designate an agreed upon date and time, and with respect to third party witnesses, they were not properly served.  Plaintiff does not object to Magistrate Judge's findings that the notices were defective in these respects.

For the foregoing reasons, Plaintiff's objections are **OVERRULED**.

**IT IS SO ORDERED.**

DATED: August 17, 2007

M. James Lorenz
United States District Court Judge

---

[1] Plaintiff suggests that if the court were to overrule his objections, it should revisit the prior orders denying his motions for appointment of counsel.  Appointment of counsel would not assure Plaintiff the desired outcome, *i.e.* that "the court assume cost of necessary deposition officer fees and witness fees" (Objection at 4).  Furthermore, over the past three years, Plaintiff has demonstrated he is capable of adequately articulating the factual basis for his claims and advancing his legal arguments.

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL