UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DUANE JACKSON,<br><br>                    Plaintiff,<br><br>v.<br><br>J. WOODFORD, Director CDC, *et al.*,<br><br>                    Defendants. | Civil No. 05cv0513-L(NLS)<br><br>**ORDER**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**<br>**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br>**(4) DENYING PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE; AND**<br>**(5) DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

Plaintiff Arthur Dwayne Jackson, a state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging that he had been deprived of his First Amendment right of meaningful access to the courts. The case was referred to United States Magistrate Judge Nita L. Stormes for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3.

Defendants filed a motion for summary judgment. Plaintiff cross-moved for summary judgment and sanctions. He also filed a request for judicial notice. Upon review of the pleadings, Magistrate Judge Nita L. Stormes issued a Report and Recommendation recommending to grant Defendants' summary judgment motion and deny Plaintiff's motions for

summary judgment and sanctions as well as his request for judicial notice. Plaintiff filed objections.

A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "The court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Section 636(b)(1) does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in the original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003).

Among other things, Plaintiff objects to the Magistrate Judge's finding that he had failed to raise a genuine issue of material fact showing that Defendants' alleged denial of access to the courts caused him any injury. To prevail on a claim for denial of access to the courts, Plaintiff must establish that official action actually frustrated or impeded a nonfrivolous attack on his sentence or conditions of confinement, thus causing actual injury. *See Lewis v. Casey*, 518 U.S. 343, 353, 355 (1996); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Actual injury of being shut out of court and causation are prerequisites to finding a constitutional violation. *See Lewis*, 518 U.S. at 347-56.

The following facts are undisputed unless noted otherwise. Plaintiff was convicted of one count of carjacking and one count of willful, deliberate and premeditated attempted murder. He sought collateral review of his conviction and eventually filed a habeas corpus petition in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 2254. The court appointed counsel. On June 2, 2003, the petition was denied. On June 16, 2003, Plaintiff filed a notice of appeal. On appeal he sought to show that the District Court's findings and conclusions were unsupported by the evidence.

/ / / / /

On September 3, 2003, Plaintiff requested his counsel to forward him all the documents related to the habeas proceeding, including transcripts. The documents were mailed to Plaintiff on February 10, 2004. Two boxes of documents were received at Centinela State Prison ("Centinela"), where Plaintiff was housed, on February 18. Defendant Gomez immediately sent a memo to his supervisors requesting to send the boxes to the "receiving and release" unit. On February 27, Plaintiff was informed that his two boxes of legal materials were received at Centinela and were located in receiving and release. It is disputed whether Plaintiff requested access on the same day or on March 2.

On March 1, the District Court denied Plaintiff's motion for a certificate of appealability. On March 2, Plaintiff was escorted to receiving and release twice and was each time granted access to one box only. (Decl. of Arthur D. Jackson in Supp. of Suppl. to Pl.'s Mot. for Summ. J., filed Sep. 26, 2007 ("Jackson Supp. Decl.") ¶¶ 11-12.) He made several verbal requests and made written requests on March 9, 17 and 21 to obtain access to the second box; however, access was denied. Plaintiff also filed administrative appeals complaining about access to his legal materials.

On March 15, the District Court forwarded Plaintiff's entire record, consisting of five volumes and one box of state lodged documents, to the United States Court of Appeals for the Ninth Circuit. On March 16, the Ninth Circuit Clerk sent Plaintiff a letter informing him that the Court received his notice of appeal and/or request for a certificate of appealability, but a briefing schedule would not issue until the court determined whether a certificate of appealability should be granted. On March 23, Plaintiff filed an emergency motion in the Ninth Circuit claiming his legal materials were illegally seized. Plaintiff asserts that the Ninth Circuit construed his emergency motion as a motion for certificate of appealability. (Jackson Supp. Decl. at 11.) On May 26, the Ninth Circuit denied certificate of appealability as well as Plaintiff's pending motions, including his motion to stay to obtain records. On June 6, Plaintiff filed a motion for an *en banc* determination, a motion to stay and a motion for discovery. The Ninth Circuit construed the filings as a motion for reconsideration of denial of certificate of appealability. On July 14, the motion was denied.

1    Plaintiff argues that Rule 10(b)(2) of the Federal Rules of Appellate Procedure required
2 him to produce the transcript of the evidence he contended the District Court's findings were
3 contrary to. Specifically, Plaintiff intended to address the authenticity of an audio recording
4 used as evidence to convict him. In District Court he argued that the audio recording was not of
5 him. After initially asserting in the District Court that the original recording no longer existed,
6 the Attorney General produced a recording. The District Court retained an expert to assist in the
7 determination of the issue. It eventually denied Plaintiff's request to exclude the recording and
8 denied the petition. (*See* Jackson Supp. Decl. at 2-5.) In the Ninth Circuit Plaintiff also intended
9 to assert additional issues pertaining to the audio recording. (*Id.* at 10-11.) Plaintiff claims
10 Defendants precluded his access to the evidence he intended to present to the Ninth Circuit.

11    Nevertheless, Plaintiff has not raised a genuine issue of material fact necessary to counter
12 Defendants' summary judgment motion. First, at the time when Plaintiff's access was allegedly
13 denied, the Ninth Circuit was merely considering whether to grant certificate of appealability.
14 The Ninth Circuit was not considering the merits of Plaintiff's appeal. To the extent Plaintiff
15 intended to rely on the legal materials which were withheld by Defendants, his argument is
16 moot, because the certificate of appealability was denied. Second, the record on appeal,
17 referenced in Rule 10(b), is forwarded to the Court of Appeal by the District Court, not by the
18 appellant. *See* Fed. R. App. Proc. 11(b). The appellant's only duty is to "order from the reporter
19 a transcript of such parts of the proceeding not already on file . . .." Fed. R. App. Proc. 10(b)(1);
20 *see also* Fed. R. App. Proc. 11(a). Any transcripts ordered pursuant to this provision would be
21 forwarded to the Ninth Circuit by the District Court and not by Plaintiff. *See* Fed. R. App. Proc.
22 10(b). The District Court complied with this duty on March 15, 2004. Third, Plaintiff does not
23 contend that the record in the District Court file was in any way deficient or inaccurate.

24    Although Defendants' apparent conduct as reflected in this case is disturbing, Plaintiff
25 has not raised a genuine issue of material fact that their conduct in impeding his access to his
26 legal materials caused him an actual injury of being shut out of court. Because Plaintiff failed to
27 raise a genuine issue of material fact as to an essential element of his claim, the court need not
28 consider the remaining objections.

1 | For the foregoing reasons, the Report and Recommendation is **ADOPTED**, Plaintiff's objections are **OVERRULED**, Defendants' motion for summary judgment is **GRANTED**, Plaintiff's motions for summary judgment and sanctions are **DENIED**, and Plaintiff's request for judicial notice is **DENIED**. The Clerk is instructed to close the case.

**IT IS SO ORDERED**.

DATED:  March 28, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL