| | |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ARTHUR DUANE JACKSON, | ) | Civil No. 05cv0513-L(NLS) |
|---|---|---|
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND** |
| v. | ) ) | **JUDGMENT** |
| J. WOODFORD, Director CDC, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Arthur Dwayne Jackson, a state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging that he had been deprived of his First Amendment right of meaningful access to the courts. The case was referred to United States Magistrate Judge Nita L. Stormes for a report and recommendation ("Report") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. Defendants filed a motion for summary judgment. Plaintiff cross-moved for summary judgment and sanctions. He also filed a request for judicial notice. Upon review of the pleadings, Magistrate Judge Nita L. Stormes issued a Report and Recommendation recommending to grant Defendants' summary judgment motion and deny Plaintiff's motions for summary judgment and sanctions as well as his request for judicial notice. Plaintiff filed objections.

Section 636(b)(1) makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in the original).  After undertaking a *de novo* review, the Court adopted the Report and Recommendation, overruled plaintiff's objections, granted defendants' motion for summary judgment, denied plaintiff's motions for summary judgment and for sanctions, and denied plaintiff's request for judicial notice.

Plaintiff filed a motion to amend or alter judgment on April 16, 2008.  On April 28, 2008, he filed a notice of appeal.

**Discussion**

Plaintiff contends he brings his motion under Federal Rule of Civil Procedure 56(e).  But Rule 56(e) concerns affidavits in support of or in opposition to a motion for summary judgment and is therefore not applicable to altering or amending a judgment.  Because plaintiff filed his motion within ten days of the filing of the judgment, the Court will construe his motion as one brought under Rule 59(e).[1]  Because plaintiff is appearing *pro se*, the Court will also consider his motion as arising under Rule 60(b).  *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993)(Where the court's ruling has resulted in a final judgment or order, a motion for relief may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment)).

**1.    Rule 59(e)**

Reconsideration under Rule 59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A Rule 59(e) motion "should not be granted[] absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments.  Reconsideration motions do not give parties a "second bite at the

---

[1] Federal Rule of Civil Procedure 59(e) states that a motion to alter or amend a judgment must be filed no later than ten days after the entry of judgment.

1 apple."  Neither are they devices permitting the unsuccessful party to "rehash" arguments
2 previously presented.   Motion to reconsider are not justified on the basis of new evidence which
3 could have been discovered prior to the court's ruling.  Finally, "'after thoughts' or 'shifting of
4 ground' do not constitute an appropriate basis for reconsideration."  *United States v. Navarro*,
5 972 F. Supp. 1296, 1299 (E.D. Cal. 1999), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir.
6 1998) (internal citations omitted); *accord United States v. Westlands Water Dist.*, 134 F. Supp.
7 2d 1111, 1130 (E.D. Cal. 2001); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.
8 1985) (holding that a motion for reconsideration under Rule 59(e) was properly denied because
9 "it presented no arguments that had not already been raised in opposition to summary
10 judgment"); *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("courts
11 avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either
12 repetitive contentions of matters which were before the court on its prior consideration or
13 contentions which might have been raised prior to the challenged judgment").  This rule reflects
14 the courts' "concerns for preserving dwindling resources and promoting judicial efficiency."
15 *Costello*, 765 F. Supp. at 1009.

16       Plaintiff moves the court to reconsider and alter its order granting defendant's motion for
17 summary judgment merely because he disagrees with the ruling.  Plaintiff lists six items that he
18 states concern "injury issues" that the Court did not address.  (Motion at 1)  The Court reviewed
19 and discussed the record regarding plaintiff's alleged injuries and found plaintiff had not raised a
20 genuine issue of material fact necessary to counter defendants' summary judgment motion.  As
21 the Court noted, plaintiff's alleged denial of access to the court caused by insufficient access to
22 his legal materials occurred when the Ninth Circuit Court of Appeal was considering a certificate
23 of appealability and not when making a determination of the merits of plaintiff's habeas petition.
24 Further, the record on appeal is forwarded by the district court to the court of appeals and not by
25 appellant.  Thus, plaintiff made no showing of denial of access to the courts.

26       Plaintiff has provided no newly discovered evidence, has failed to show clear error or that
27 the Court rendered a manifestly unjust decision, and has further failed to identify any intervening
28 changes in controlling law that would demand reconsideration of the Court's Order.  *School Dist.*

*No. 1J*, 5 F.3d at 1263.

### 2. Rule 60(b)

To the extent plaintiff also intends his motion to be brought under Rule 60(b), relief is granted only upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 0p950 F.2d 1437, 1442 (9th Cir. 1991). Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).

The only portion of Rule 60(b) that could possibly be applicable in the present case is subsection (6): "extraordinary circumstances" justifying relief. Rule 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any other reason that justifies relief." *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 966, 1005 (9th Cir. 2007) (recognizing courts use this provision sparingly as an equitable remedy to prevent manifest injustice where extraordinary circumstances are present). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff has not identified anything extraordinary or provided evidence demonstrating extraordinary circumstances in his list of six "injuries" he states the Court ignored. Because the Court considered all arguments raised in the cross motions for summary judgment, plaintiff's motion under Rule 60(b)(6) is without merit.

**Conclusion**

Based on the foregoing, plaintiff's motion to alter or amend judgment is **DENIED.**

**IT IS SO ORDERED**.

DATED: May 13, 2008

　　　　　　　　　　　　　　　　　　　　M. James Lorenz
　　　　　　　　　　　　　　　　　　　　United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL