UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR DUANE JACKSON, | ) | Civil No. 05cv513-L(NLS) |
| Plaintiff, | ) ) ) | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | ) ) | |
| J. P. GONZALEZ, Associate Warden, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

On June 9, 2009 the United States Court of Appeals for the Ninth Circuit affirmed in part and vacated in part this court's March 28, 2008 judgment, and remanded the action to this court. The part of the case which was vacated and remanded pertains to the March 28, 2008 order granting Defendants' motion for summary judgment. Upon consideration of the June 9, 2009 memorandum disposition of the Court of Appeals and reconsideration of the March 28, 2008 order, Defendants' motion for summary judgment is **GRANTED**.

Plaintiff Arthur Dwayne Jackson, a state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging that he had been deprived of his First Amendment right to meaningful access to the courts. Plaintiff was convicted in state court of one count of carjacking and one count of willful, deliberate and premeditated attempted murder. He sought collateral review of his conviction and eventually filed a habeas corpus petition in the United

/ / / / /

States District Court for the Central District of California pursuant to 28 U.S.C. § 2254. The court appointed counsel and denied the petition. Plaintiff appealed.

After filing his notice of appeal, Plaintiff requested his counsel to forward him all the documents related to the habeas proceeding, including transcripts. Two boxes of legal materials were sent to Plaintiff and received at Centinela State Prison, where he was housed. Plaintiff was informed that his two boxes of legal materials were received and where they were located; however, he was never given access to one of them. Plaintiff wanted to access his legal materials so that he could prepare a transcript of the evidence for his appeal. He was not able to proceed with the appeal when certificate of appealability was denied.

Plaintiff filed the instant action based on Defendants' alleged denial of meaningful access to the court. On March 28, 2008 this court granted Defendants' motion for summary judgment and Plaintiff appealed. In the June 9, 2009 Memorandum affirming in part and vacating in part the judgment of this court, the Court of Appeals found that Plaintiff "presented evidence that defendants denied him *any* access to one box of legal materials, thereby preventing him from challenging his conviction and sentence in state court. The district court's order granting summary judgment did not address this claimed injury." (Emphasis in original.)

To prevail on a claim for denial of access to the courts, a claimant must establish that official action actually frustrated or impeded a nonfrivolous attack on his sentence or conditions of confinement, thus causing actual injury. *Lewis v. Casey*, 518 U.S. 343, 353, 355 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Actual injury of being shut out of court and causation are prerequisites to finding a constitutional violation. *Lewis*, 518 U.S. at 347-56.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In opposing Defendants' summary judgment motion, Plaintiff did not raise a genuine issue of material fact that Defendants' actions caused his injury, *i.e.*, failure to prevail on appeal of his habeas petition. A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Causation presents a

material issue of fact in cases alleging First Amendment violations by denial of a prisoner's meaningful access to the courts. *See Lewis*, 518 U.S. at 347-56; *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (causation is an element of section 1983 actions). Factual issues are genuine if they "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 at 250. The pertinent facts in this case are undisputed; therefore, there are no genuine issues of fact and the issue presented is one of law.

Plaintiff argued that he needed access to his legal materials to prepare a transcript of the evidence pursuant to Rule 10(b) of Federal Rules of Appellate Procedure in support of his contention that the District Court's findings were contrary to the evidence. However, he was precluded from appealing the denial of his habeas petition because both the District Court and the Court of Appeals denied certificate of appealability pursuant to 28 U.S.C. § 2253(c) and not because Defendants prevented him from preparing a transcript of the evidence. Defendants' motion can be granted on this basis alone, as Plaintiff would have to obtain a reversal of the denial of the certificate of appealability to proceed with his appeal.

In the alternative, the motion is granted because Plaintiff does not dispute that a complete district court record was forwarded to the Court of Appeals. Petitioner was mistaken about his duties regarding the transcript of the evidence. Because the certificate of appealability was denied, any duty he had to prepare a transcript of the evidence pursuant to Rule 10(b) was premature. In any event, the Court of Appeals was not deprived of the record. On March 15, 2004 the District Court complied with its duty under Rule 22(b) and forwarded Plaintiff's entire record to the Court of Appeals. Plaintiff does not contend that the record was deficient or inaccurate.

Based on undisputed evidence, Plaintiff's habeas appeal failed for reasons unrelated to Defendants' actions relative to his legal materials. Plaintiff has not raised a genuine issue of material fact regarding the causation element of his claim. The court therefore need not consider

/ / / / /

/ / / / /

/ / / / /

whether Plaintiff was successful in overcoming Defendants' motion with respect to the injury element.  Defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

DATED: July 7, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL