UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. JACKSON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>J.P. GONZALEZ, *et al.*,<br><br>　　　　　　　Defendants. | Case No.  5-cv-513 L (NLS)<br><br>**ORDER DENYING RULE 60 MOTION** |

　　　　Pending before the Court is *pro se* Plaintiff Arthur Duane Jackson's fully briefed Rule 60 motion for relief from judgment. The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **DENIES** the motion.

I.　　**BACKGROUND**

　　　　Plaintiff Arthur Dwayne Jackson, a state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging that he had been deprived of his First Amendment right of meaningful access to the courts. The following facts are undisputed unless noted otherwise.

//

//

### A. The Underlying Conviction

Plaintiff was convicted of one count of car jacking and one count of willful, deliberate, and premeditated attempted murder on December 14, 1994. (Defendants' Separate Statement of Uncontested Facts[1] "Defs.' SSUF" 3, ECF. No. 89-9.) He was sentenced to twenty years on the car jacking count and two consecutive life terms for the attempted murder count. (Defs.' SSUF 4.) Plaintiff appealed to the California Court of Appeal, which modified the attempted murder sentence to last fourteen years to life. (Defs.' SSUF 5.) The appellate court otherwise affirmed the judgment in full. (Defs.' SSUF 5.) On February 2, 1996, the Court of Appeal denied Plaintiff's petition for rehearing. (Defs.' SSUF 6.) The California Supreme Court initially granted Plaintiff's petition for review, but later dismissed its grant of review. (Defs.' SSUF 7.)

### B. Plaintiff's Habeas Petition in the Central District of California

Plaintiff sought collateral review of his conviction before the state appellate and supreme courts. (Defs.' SSUF 8.) Both courts denied the requested relief. (Defs.' SSUF 8.) On May 20, 1997, Plaintiff filed a petition for writ of habeas corpus in the Central District of California. (Defs.' SSUF 9.) He was proceeding in forma pauperis. (Defs.' Mem. Ps & As, Ex. D, 9.185, ECF. No. 89-6.) The magistrate judge appointed the Federal Public Defender's Office as counsel for Plaintiff to determine whether the issues in his petition merited an evidentiary hearing. (Defs.' Ps & As, Ex. B, p. 106.) That court ultimately determined that an evidentiary hearing was not necessary. (Defs.' Ps & As, Ex. B, p. 108.) On March 6, 2003, the magistrate judge issued a Report and Recommendation recommending that the district judge deny the petition and dismiss the action with prejudice. (Defs.' SSUF 10; Defs.' Ps&As, Ex. B.)

---

[1] In the points and authorities of his motion for summary judgment [ECF. No. 97-2], Plaintiff cites to many of the same facts that Defendants cite in their Separate Statement of Uncontested Facts.

On May 29, 2003, Plaintiff objected to the R&R. (Defs.' SSUF 11.) On June 2, 2003, the district court adopted the R&R and dismissed the petition with prejudice. (Defs.' SSUF 12.) On July 3, 2003, Plaintiff filed a motion for certificate of appealability. (Defs.' SSUF 14.) On March 1, 2004, the district court denied the motion for certificate of appealability. (Defs.' SSUF 29.)

### C. First Appeal to the Ninth Circuit

On June 16, 2003, Plaintiff filed a notice of appeal challenging the denial of the habeas petition. (Defs.' SSUF 13; Defs.' Ps & As Ex. D, p.191, ECF No. 125.) On March 15, 2004, the district court sent Plaintiff's entire record on appeal, which included five volumes and one box of state lodged documents, to the United States Court of Appeals for Ninth Circuit. (Defs.' Ps & As Ex. D, p.192, ECF Nos. 135, 136.) On March 16, 2004, the Clerk for the United States Court of Appeals for the Ninth Circuit mailed a letter to Plaintiff telling him that the court received his notice of appeal and/or request for certificate of appealability, and said that "a briefing schedule will not be set until the court determines whether a certificate of appealability should issue." (Defs.' SSUF 30 (emphasis removed).) On May 26, 2004, the Ninth Circuit issued an order denying Plaintiff's request for certificate of appealability as well as all pending motions. (Defs.' SSUF 31.) On June 6, 2004, Plaintiff filed a motion for en banc determination of the denial of the request for a certificate of appealability, a motion to stay the proceedings and a motion for discovery. (Defs.' SSUF 32.) The Ninth Circuit treated the filing as a motion for reconsideration of the denial of the request for a certificate of appealability, and denied that motion on July 14, 2004. (Defs.' SSUF 33.)

### D. Plaintiff's Legal Mail

Meanwhile, on September 3, 2003, Plaintiff had requested all documents, transcripts and records from the Federal Public Defender's Office related to his habeas case. (Pl.'s Decl. in Opp'n to Defs.' MSJ ("Pl.'s Opp'n Decl.") 81-86, ECF

No. 100.) On February 10, 2004, the Federal Public Defender's Office mailed all their records related to the habeas case to Plaintiff. (Pl.'s Mem. Ps & As, Ex. 2.)

Plaintiff was housed at Centinela State Prison (Centinela) on February 18, 2004 and on March 2, 2004. (Defs.' SSUF 1.) On February 18, 2004, defendant Gomez received two boxes of legal materials addressed to Plaintiff at Centinela from the Federal Public Defender's Office. (Defs.' SSUF 15.) That same day, Gomez signed and sent a memo to his supervisors requesting to send the boxes to the "receiving and release" unit.[2] (Defs.' SSUF 16; see Pl.'s Mem. Ps & As, Ex. 3.) Gomez received permission from Garcia, Sanders and J.P. Gonzalez to send the boxes to receiving and release. (Defs.' SSUF 17.)

Plaintiff learned on February 27, 2004, when he received a copy of Gomez's memo, that his two boxes of legal mail were forwarded to receiving and release. (Defs.' SSUF 18.) The parties dispute whether Plaintiff requested access to his mail on February 27, 2004 (Defs.' Mem. Ps & As, Ex. B, 89) or March 2, 2004 (Defs.' SSUF 19). Defendants G.H. Gonzalez and Zaragosa were working in receiving and release when Plaintiff was brought there on March 2, 2004 to review his boxes of legal mail. (Defs.' SSUF 20, 22.) Defendants Garcia, Gomez, Sanders, and J.P. Gonzalez were not working, nor were they present, in receiving and release at that time. (Defs.' SSUF 21.)

Plaintiff was allowed to look through both boxes of legal material on March 2, 2004 while in the receiving and release unit. (Defs.' SSUF 22, 23.) He could not, however, take both boxes back with him to his cell; he could only take one box with him. (Defs.' SSUF 24.) When he looked through the boxes, Plaintiff claimed the boxes had been opened and were in disarray. (Defs.' SSUF 27.) He does not know

---

[2] On February 9, 2000, the Deputy Director of the Institutions Division issued a memorandum requiring each correctional institution to promptly issue confidential legal mail to inmates once the institution has received that mail. (Pl.'s Opp'n Decl. ¶ 3; Pl.'s Opp'n, Ex. B.)

who opened the boxes before he accessed them.  (Defs.' SSUF 28.)  Plaintiff made several verbal requests and three written requests to obtain his second box of legal materials from the receiving and release unit, but that permission has never been granted.  (Pl.'s Opp'n Decl. ¶ 20.)

### E.     Proceedings in this Court and Subsequent Ninth Circuit Appeals

On March 14, 2005, Plaintiff filed a §1983 action alleging a number of constitutional claims that state prison officials violated his rights by interfering with access to his legal mail.  This initiated proceedings in this Court.  The parties filed cross motions for summary judgment.  On March 28, 2008, and this Court granted Defendants' motion for summary judgment.  (Order, ECF No. 144.)  On April 13, 2009, the Ninth Circuit affirmed in part, vacated in part, and remand the case.  (Mandate, ECF No. 162.)  The only issue before this Court on remand was Plaintiff's alleged denial of meaningful access to the court under the First Amendment.  The Court of Appeals found that Plaintiff "presented evidence that defendants denied him *any* access to one box of legal materials, thereby preventing him from challenging his conviction and sentence in state court.  The district court's order granting summary judgment did not address this claimed injury."  (*Id*.) (emphasis in original.)

On remand, this Court granted Defendants' motion for summary judgment.  The Court found, for two separate reasons, that Plaintiff "did not raise a genuine issue of material fact that Defendants' actions caused his injury, *i.e.*, failure to prevail on appeal of his habeas petition."  (July 7, 2009 Order 2, ECF No. 164.)  First, Plaintiff argued that he needed access to his legal materials to prepare a transcript of evidence pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure in support of his contention that the District Court's finding were contrary to evidence.  However, he was precluded from appealing the denial of his habeas petition because both the District Court and the Court of Appeals denied a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and not because Defendants prevented him from preparing a transcript of the evidence.  This Court noted that this

alone was grounds to grant Defendants' motion because Plaintiff would have to obtain a reversal of the denial of the certificate of appealability to proceed with his appeal.  Second, Plaintiff did not dispute that a complete record was forwarded to the Court of Appeals and Plaintiff did not contend that the record was deficient or inaccurate.  So, based on undisputed evidence, this Court found that Plaintiff's habeas appeal failed for reasons unrelated to Defendants' actions relative to his legal materials.  Instead the Court granted summary judgment to Defendants because Plaintiff failed to raise a genuine issue of material fact regarding the causation element of his claim.  Judgment was entered on July 8, 2009 (ECF No. 165), and the Plaintiff appealed this decision as well.  (NOA, ECF No. 167.)

On November 16, 2010, the Ninth Circuit denied the appeal for the following reason:

> The only issue open on remand was whether Jackson was unable to bring a claim in state court because defendants allegedly denied him access to some of his legal materials.  Jackson has not raised this issue on appeal, and thus it is waived.

(Mandate, ECF No. 177 (citation omitted).)  On March 25, 2015, Plaintiff filed the instant Rule 60 motion seeking relief from this Court's July 7, 2009 order granting summary judgment for Defendants.  (Rule 60 Mot. 1, ECF No. 180.)  The motion is fully briefed.  (Opp'n, ECF No. 186; Reply, ECF No. 188.)

//
//
//
//
//
//
//
//
//

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits courts to grant "extraordinary relief and may be invoked only upon a showing of exceptional circumstances" on a motion or on just terms. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). Under Rule 60(b), the court may grant reconsideration of a final judgment or any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. FED. R. CIV. P. 60(b)(1)-(3). A motion made under any of the above grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. *See* FED. R. CIV. P. 60(c)(1).

The Ninth Circuit has held that Rule 60(b) is "remedial in nature" and "must be liberally applied." *TCI GroupLife Ins. v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)). Although the statute is to be construed liberally, the moving party still bears the burden of proving the existence of fraud, misconduct, or any other cause for relief. *Atchison, T. & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

### A. Mistake, Inadvertence, Surprise or Excusable Neglect

A motion for reconsideration may be brought under Rule 60(b)(1) if the moving party can show "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). There is no relief for ignorance, carelessness, or inexcusable neglect under Rule 60(b)(1). *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100–01 (9th Cir. 2006). Relief under Rule 60(b)(1) requires "some justification for an error beyond a mere failure to exercise due care." *Timbisha Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 336-37 (E.D. Cal. 2010).

In determining whether neglect is excusable, the court considers (1) the possibility of prejudice to the opposing party, (2) the length of delay, (3) the reason

for the delay, and (4) whether the moving party acted in good faith. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).

### B. Newly Discovered Evidence

A court may grant relief under Rule 60(b)(2) based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). The moving party carries the burden of showing that "the newly discovered evidence is of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Vela v. Los Angeles Cnty. Sheriff's Dept.*, No. CV 09–2055 ODW (FMOx), 2011 WL 2462675, at *2 (C.D. Cal. June 20, 2011) (citing *Daghlian v. Devry Univ., Inc.*, 582 F. Supp. 2d 1231, 1252–53 (C.D. Cal. 2008)).

### C. Fraud, Misrepresentation, or Misconduct

Under Rule 60(b)(3), a court may grant relief from a final judgment based on "fraud, misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Plaintiff bears the burden of proving by clear and convincing evidence that "the verdict was obtained through fraud, misrepresentation, or other misconduct and such conduct prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000); *Atchison*, 246 F.2d at 849; *Vela*, 2011 WL 2462675, at *2. The purpose of Rule 60(b)(3) is to provide relief from "judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987).

//
//
//
//
//
//

### III. DISCUSSION

#### A. Plaintiff's Request for Judicial Notice

Plaintiff has filed an unopposed request for judicial notice. The exhibits attached to the motion are not subject to reasonable dispute because their accuracy cannot be reasonably questioned. Therefore, the motion is granted. FRE 201(b)(2).

#### B. Plaintiff's Rule 60 Motion is Improper Because it Seeks Relief Outside the Scope of this Court's July 7, 2009 Ruling

Plaintiff's underlying allegations in this matter were that Defendants inhibited his access to the court during his habeas corpus proceedings in the Central District which attacked his underlying state court conviction. Specifically, Plaintiff claims that he has recently discovered that Defendants seized his legal mail to cover up and conceal evidence of a letter authored by the California Department of Corrections and Rehabilitation ("CDCR letter") on October 24, 1999 and sent to Plaintiff's sentencing judge illegally requesting the judge to increase Plaintiff's prison sentence. (Rule 60 Mot. 2.) Plaintiff claims that this action negatively impacted his ability to prevail on a petition for writ of mandate he filed in March of 2013, seeking to correct his sentence almost two years after the Court's final judgment in this case. (*Id.* 2-3; Pl.'s Decl. ¶ 11.)

To prevail on a claim for denial of access to the courts, a claimant must establish that official action actually frustrated or impeded a nonfrivolous attack on his sentence or conditions of confinement, thus causing actual injury. *Lewis v. Casey*, 518 U.S. 343, 353, 355 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Actual injury of being shut out of court and causation are prerequisites to finding a constitutional violation. *Lewis*, 518 U.S. at 347-56.

As detailed above, this Court's order granting summary judgment in favor of Defendants, which was affirmed by the Ninth Circuit, was based on Plaintiffs' failure to establish a dispute of material fact with respect to the causation element in his claim. The order expressly stated that it was based on Plaintiff's failure to establish

a dispute of material fact regarding causation, and did not consider whether Plaintiff was successful in overcoming Defendants' motion with respect to the injury element. (July 7, 2009 Order, 3-4.) In other words, this Court's previous decision was based on reasons "unrelated to Defendants' actions relative to his legal materials." (*Id.* 3.) Plaintiff fails to point to any basis for Rule 60 relief that challenges this Court's previous order.

Plaintiff claims that he is entitled to relief for "inadvertence, neglect, and/or fraud" and "new evidence" under Rule 60. (Rule 60 Mot. 1.) Specifically, he claims that CDCR letter was covered up by Defendants, which prevented him from presenting the CDCR letter in support of his Writ of Mandate before the California Supreme Court, filed in 2013. Plaintiff has failed to identify which Rule 60 standard the Court should apply, so the Court will address each below.

As an initial matter, although Plaintiff apparently bases his motion on inadvertence or neglect, Plaintiff has not identified any purported inadvertence or neglect.

Plaintiff also claims that the summary judgment was obtained through fraud, alleging that Defendants covered up evidence that would have allowed him to prevail. Plaintiff bears the burden of proving by clear and convincing evidence that "the [judgment] was obtained through fraud, misrepresentation, or other misconduct and such conduct prevented [him] from fully and fairly presenting the defense." *See De Saracho,* 206 F.3d at 880. Plaintiff fails to meet this burden because he advances no argument as to why his having access to this letter would change the Court's decision. Instead, he points to the letter's potential effect on a 2013 state court proceeding, which is irrelevant here.

Finally, the motion could also be viewed as a claim that the CDCR letter constitutes newly discovered evidence "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Vela*, 2011 WL 2462675, at *2. As explained above, Plaintiff's access to this letter has no bearing

on the Court's summary judgment order, so Plaintiff cannot show it would have changed the disposition of this case.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

DATED: September 1, 2015

M. James Lorenz
United States District Judge