1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ARTHUR D. JACKSON,

                                        Plaintiff,

        v.

J.P. GONZALEZ, *et al*.,

                                        Defendants.

Case No.  5-cv-513 L (NLS)

**ORDER CERTIFYING APPEAL
AS FRIVOLOUS**

  On March 14, 2005, Plaintiff Arthur Dwayne Jackson, a state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging that, *inter alia*, he had been deprived of his First Amendment right of meaningful access to the courts.  On March 28, 2008, this Court granted Defendants' motion for summary judgment.  (Order, ECF No. 144.)  On April 13, 2009, the Ninth Circuit affirmed in part, vacated in part, and remand the case.  (Mandate, ECF No. 162.)  The only issue before this Court on remand was Plaintiff's alleged denial of meaningful access to the court under the First Amendment.  The Court of Appeals found that Plaintiff "presented evidence that defendants denied him *any* access to one box of legal materials, thereby preventing him from challenging his conviction and sentence in state court.  The district court's order granting summary judgment did not address this claimed injury."  (*Id*.) (emphasis in original.)

On remand, this Court granted Defendants' motion for summary judgment. The Court found, for two separate reasons, that Plaintiff "did not raise a genuine issue of material fact that Defendants' actions caused his injury, *i.e.*, failure to prevail on appeal of his habeas petition." (July 7, 2009 Order 2, ECF No. 164.)  First, Plaintiff argued that he needed access to his legal materials to prepare a transcript of evidence pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure in support of his contention that the District Court's finding were contrary to evidence. However, he was precluded from appealing the denial of his habeas petition because both the District Court and the Court of Appeals denied a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and not because Defendants prevented him from preparing a transcript of the evidence.  This Court noted that this alone was grounds to grant Defendants' motion because Plaintiff would have to obtain a reversal of the denial of the certificate of appealability to proceed with his appeal.  Second, Plaintiff did not dispute that a complete record was forwarded to the Court of Appeals and Plaintiff did not contend that the record was deficient or inaccurate.  So, based on undisputed evidence, this Court found that Plaintiff's habeas appeal failed for reasons unrelated to Defendants' actions relative to his legal materials.  Instead the Court granted summary judgment to Defendants because Plaintiff failed to raise a genuine issue of material fact regarding the causation element of his claim. Judgment was entered on July 8, 2009 (ECF No. 165), and the Plaintiff appealed this decision as well.  (NOA, ECF No. 167.)

On November 16, 2010, the Ninth Circuit denied the appeal for the following reason:

> The only issue open on remand was whether Jackson was unable to bring a claim in state court because defendants allegedly denied him access to some of his legal materials.  Jackson has not raised this issue on appeal, and thus it is waived.

(Mandate, ECF No. 177 (citation omitted).)  On March 25, 2015, Plaintiff filed a Rule 60 motion seeking relief from this Court's July 7, 2009 order granting summary

5CV513

judgment for Defendants.  (Rule 60 Mot. 1, ECF No. 180.)

On September 2, 2015, this Court issued an order denying the Rule 60 motion. (Order Denying Rule 60 Mot. ECF No. 193.)  In that order, the Court explained that the Rule 60 motion was improper because it sought relief outside the Court's July 7, 2009 ruling which the motion purported to challenge.  Specifically that the Court had no power to correct his alleged injury because it occurred during his litigation of a petition for writ of mandate that he filed in March of 2013.  (*Id.* 5.)  Plaintiff's 2013 action seeking to correct his sentence occurred almost two years after the Court's final judgment in this case.  (*Id.*)

On September 18, 2015, Plaintiff filed a timely notice of appeal.  (NOA, ECF No. 194.)  On September 23, 2015, the Ninth Circuit referred this matter to this Court for the limited purpose of determining whether *in forma pauperis* status should continue for Plaintiff's appeal, or whether the appeal is frivolous or taken in bad faith.  (Referral Notice, ECF No. 197.)  For the following reasons, the Court finds that Plaintiff's appeal is frivolous and not taken in good faith.

# I.  ANALYSIS

An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous."  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); *see also Huffman v. Boersen*, 406 U.S. 337, 339 (1972) ("In the federal system, 'good faith' has 'been defined as a requirement that an appeal present a non-frivolous question for review.'") (quoting *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring)).  In turn, an issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

This Court's order granting summary judgment in favor of Defendants, which was affirmed by the Ninth Circuit, was based on Plaintiffs' failure to establish a dispute of material fact with respect to the causation element in his claim.  The order expressly stated that it was based on Plaintiff's failure to establish a dispute of material fact regarding causation, and did not consider whether Plaintiff was

5CV513

successful in overcoming Defendants' motion with respect to the injury element. (July 7, 2009 Order, 3-4.)  In other words, this Court's previous decision was based on reasons "unrelated to Defendants' actions relative to his legal materials." (*Id.* 3.)  Plaintiff fails to point to any basis for Rule 60 relief that challenges this Court's previous order.  Because Plaintiff has based his Rule 60 motion on a purported injury that occurred well after the order that this motion challenges, and such motion is outside the scope of the instant § 1983 matter before this Court, the appeal has no arguable basis in fact or law.  Therefore the Court finds that the pending appeal is frivolous.

## II.      CONCLUSION & ORDER

In light of the foregoing, the Court finds that Plaintiff's appeal in this action is neither non-frivolous nor taken in good faith.  *See Hooker*, 302 F.3d at 1092.  In accordance with the Ninth Circuit's referral notice, the Clerk of the Court shall immediately notify the Ninth Circuit Court of Appeals and the parties of this order. (*See* ECF No. 197.)

**IT IS SO ORDERED.**

DATED:  September 25, 2015

M. James Lorenz
United States District Judge